UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEJANDRO VALLEJO-GONZALEZ,

                                    Plaintiff,

        v.

STEVEN G. HAMMOND, *et al*,

                                    Defendants.

No. 3:16-cv-05808-RBL-KLS

ORDER DENYING PLAINTIFF'S
MOTION FOR COURT APPOINTED
COUNSEL

This matter comes before the Court on plaintiff's motion for court-appointed counsel. Dkt. 17. Defendants oppose plaintiff's motion. Dkt. 18. Having carefully considered that motion and balance of the record, the Court finds it should be denied.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)

To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d

ORDER - 1

1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff, who is no longer in state custody but now appears to reside in Mexico, asserts court appointed counsel is appropriate, because: (1) he does not have any money to pay for a lawyer; (2) he is unable to prosecute this matter himself because he does not speak English very well; and (3) "[t]he people that were helping [him] with [his] case are no longer close to [him]," as he is now in Mexico. Dkt. 17. The mere fact that a *pro se* plaintiff lacks the financial means to hire an attorney, however, is not a sufficient basis to warrant appointment of legal counsel at government expense, otherwise almost all *pro se* plaintiff's would be entitled thereto, given that the majority of such plaintiffs also lack to financial means to do so.

Plaintiff, furthermore, appears to be capable of pursuing this matter *pro se*, despite his allegations of lack of English skills and lack of assistance from others. For example, the motion for court appointed counsel filed with the Court was clearly and well written, even though there is no indication anyone other than plaintiff himself drafted and submitted it. Dkt. 17. In addition, the Court notes that this is not a complex case involving necessarily complex facts or law, and plaintiff presents no evidence to show he is likely to succeed on the merits of his case. While plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant. Accordingly, plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court without counsel.

Accordingly, plaintiff's motion for court appointed counsel (Dkt. 17) is DENIED**.** The

ORDER - 2

1    Clerk shall send a copy of this Order to plaintiff.

2         DATED this 16th day of February, 2017.

3

4

5

6                                        Karen L. Strombom
                                         United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 3