UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEJANDRO VALLEJO-GONZALEZ,

           Plaintiff,

   v.

STEVEN G. HAMMOND, et al,

           Defendants.

Case No. 3:16-cv-05808-RBL-TLF

ORDER GRANTING DEFENDANTS' MOTION REQUIRING PLAINTIFF TO SHOW CAUSE

This matter comes before the Court on Defendants' motion for an order requiring Plaintiff to show cause why his claims should not be dismissed without prejudice. Dkt. 22. Having carefully considered defendants' motion and balance of the record, the Court finds that motion should be granted.

Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter. On September 28, 2016, Plaintiff, who at the time was a prisoner at the Coyote Ridge Corrections Center (CRCC), filed his civil rights complaint with the Court. Dkt. 4. On November 18, 2016, the Court received a notice from the CRCC that Plaintiff was no longer at that institution, and that on November 7, 2016, he had been released on a United States Department of Homeland Security Immigration and Customs Enforcement (ICE) detainer.

On November 22, 2016, Defendants filed their answer. Dkt. 14. That same day they filed a notice with the Court stating that Plaintiff had filed a change of address on November 13, 2016, in which he listed the ICE detention center at his address, but that since then he was no longer at

1 | that address, as he had been deported from the country. Dkt. 15.

2 | On December 28, 2016, counsel for defendants notified the Court that they had received a letter from Plaintiff addressed to the Court. Dkt. 16. In that letter, Plaintiff requested appointment of counsel. Dkt. 17. He also informed the Court that he had been "transferred" to the following address: Dr. Andador La Tinajita #9, Coloma La Tinajita, San Miguel el Alto Jalisco 47140. *Id.*

In denying Plaintiff's request for appointment of counsel, the Court noted that Plaintiff was no longer in state custody and that he appeared to be residing in Mexico, but that he did not establish the requisite for being granted appointment of counsel at government expense. Dkt. 19. The Court's order denying appointment of counsel, along with the Pretrial Scheduling Order, were issued on February 16, 2017, and sent to Plaintiff at the above address, which was his last known address. Dkts. 19, 20.

On June 1, 2017, Defendants filed their current motion. As support for that motion, Defendants' counsel states Defendants' sent their first set of interrogatories and requests for production to Plaintiff at the above Mexico address on March 3, 2017. Dkt. 23, p. 1. As no response to that discovery request or any other correspondence had been received from Plaintiff, on April 14, 2017, Defendants' counsel sent a letter to Plaintiff at that last known same address requesting a discovery conference. *Id.*

As of May 1, 2017, because Defendants' counsel still had not received any response from Plaintiff, Defendants' counsel again wrote to Plaintiff requesting a discovery conference. *Id.* at pp. 1-2. In that letter, Defendants' counsel informed Plaintiff that if no response was received to Defendants' request by May 22, 2017, a motion based on Plaintiff's failure to respond would be filed with the Court. *Id.* at p. 2.

According to Defendants' counsel this last letter cleared customs in Mexico on May 17,

ORDER GRANTING DEFENDANTS' MOTION
REQUIRING PLAINTIFF TO SHOW CAUSE - 2

2017, but that to date they had not received confirmation of delivery. *Id.* at p. 2. Defendants' counsel also states that Defendants had no way to contact Plaintiff and that as of June 1, 2017, Defendants' counsel had not received anything related to this case from Plaintiff since December 2016. *Id.*

Local Rule LCR 41(b) provides:

> (2) A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address and, if electronically filing or receiving notices electronically, his or her current email address. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute.

"Local Rule 41(b)(2) . . . confers discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fails to keep the court apprised of his correct address." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Plaintiff "bears the burden of keeping the court apprised of any changes in his mailing address." *Id.* at 1441. Further, "a defendant may move for dismissal of an action or of any claim against" the plaintiff "[f]or failure to prosecute or to comply with" the Federal Rules of Civil Procedure (FRCP). FRCP 41(b).

Although there is no indication that any postal or electronic mail sent to Plaintiff has been returned to the Court, based on the declaration of Defendants' counsel it is clear that Plaintiff has not responded to any Defendants' multiple discovery requests or attempts to engage in discovery. Indeed, given that the discovery deadline in this case has already passed, it appears Plaintiff has failed engage in discovery at all. Whatever the reason – whether because Plaintiff has not given the Court or Defendants his correct current address, whether correspondence sent to Plaintiff has not been getting through, or whether he has decided not to respond to Defendants – it seems that Plaintiff may no longer be diligently prosecuting this matter.

ORDER GRANTING DEFENDANTS' MOTION
REQUIRING PLAINTIFF TO SHOW CAUSE - 3

1       Accordingly, the Court agrees with Defendants that Plaintiff should be given **sixty (60)**

2 **days** within which to respond to this Order, showing cause why this matter should not be

3 dismissed under LCR 41(b)(2) for failure to prosecute. Defendants' motion (Dkt. 22) therefore is

4 GRANTED. Plaintiff shall file his response to this Order by no later than **October 2, 2017**.

5 **Plaintiff is warned that failure to so respond by this date will result in a recommendation**

6 **that this matter be dismissed without prejudice under LCR 41(b)(2).**

7       The Court further agrees with Defendants that proceedings in this matter, including all

8 current pending deadlines, should be stayed pending Plaintiff's response to this Order. As such,

9 this matter hereby is **STAYED** until **October 2, 2017**.

10       Dated this 3rd day of August, 2017.

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING DEFENDANTS' MOTION
REQUIRING PLAINTIFF TO SHOW CAUSE - 4