UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEJANDRO VALLEJO-GONZALEZ,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN G. HAMMOND, et al,<br><br>　　　　　　　　Defendants. | Case No. 3:16-cv-05808-RBL-TLF<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for November 3, 2017 |

This matter is before the Court on plaintiff's failure to respond to the undersigned's order to show cause why this matter should not be dismissed without prejudice under Local Rule LCR41(b)(2). Dkt. 24. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends the Court dismiss this action without prejudice for failure to prosecute under LCR 41(b)(2).

Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter. On September 28, 2016, plaintiff, who at the time was a prisoner at the Coyote Ridge Corrections Center ("CRCC"), filed his civil rights complaint with the Court. Dkt. 4. On November 18, 2016, the Court received a notice from the CRCC that plaintiff was no longer at that institution, and that on November 7, 2016, he had been released on a United States Department of Homeland Security Immigration and Customs Enforcement (ICE) detainer.

On November 22, 2016, defendants filed their answer. Dkt. 14. That same day they filed

REPORT AND RECOMMENDATION - 1

1  a notice with the Court stating that plaintiff had filed a change of address on November 13, 2016,
2  in which he listed the ICE detention center at his address, but that since then he was no longer at
3  that address, as he had been deported from the country. Dkt. 15.

4        On December 28, 2016, counsel for defendants notified the Court that they had received a
5  letter from plaintiff addressed to the Court. Dkt. 16. In that letter, plaintiff requested appointment
6  of counsel. Dkt. 17. He also informed the Court that he had been "transferred" to the following
7  address: Dr. Andador La Tinajita #9, Coloma La Tinajita, San Miguel el Alto Jalisco 47140. *Id.*

8        In denying plaintiff's request for appointment of counsel, the Court noted that plaintiff
9  was no longer in state custody and that he appeared to be residing in Mexico, but that he did not
10 establish the requisite for being granted appointment of counsel at government expense. Dkt. 19.
11 The Court's order denying appointment of counsel, along with the Pretrial Scheduling Order,
12 were issued on February 16, 2017, and sent to plaintiff at the above address, which was his last
13 known address. Dkts. 19, 20.

14       On June 1, 2017, defendants filed a motion for an ordering requiring plaintiff to show
15 cause why his claims should not be dismissed without prejudice. Dkt. 22. As support for that
16 motion, defendants' counsel stated defendants' sent their first set of interrogatories and requests
17 for production to Plaintiff at the above Mexico address on March 3, 2017. Dkt. 23, p. 1. As no
18 response to that discovery request or any other correspondence had been received from plaintiff,
19 on April 14, 2017, defendants' counsel sent a letter to plaintiff at that last known same address
20 requesting a discovery conference. *Id.*

21       As of May 1, 2017, because defendants' counsel still had not received any response from
22 plaintiff, defendants' counsel again wrote to plaintiff requesting a discovery conference. *Id.* at
23 pp. 1-2. In that letter, defendants' counsel informed plaintiff that if no response was received to
24
25

REPORT AND RECOMMENDATION - 2

defendants' request by May 22, 2017, a motion based on plaintiff's failure to respond would be filed with the Court. *Id.* at p. 2.

According to defendants' counsel this last letter cleared customs in Mexico on May 17, 2017, but that they had not received confirmation of delivery. *Id.* at p. 2. Defendants' counsel also stated that defendants had no way to contact plaintiff, and that as of June 1, 2017, defendants' counsel had not received anything related to this case from plaintiff since December 2016. *Id.*

Local Rule LCR 41(b) provides:

> (2) A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address and, if electronically filing or receiving notices electronically, his or her current email address. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute.

"Local Rule 41(b)(2) . . . confers discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fails to keep the court apprised of his correct address." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Plaintiff "bears the burden of keeping the court apprised of any changes in his mailing address." *Id.* at 1441. Further, "a defendant may move for dismissal of an action or of any claim against" the plaintiff "[f]or failure to prosecute or to comply with" the Federal Rules of Civil Procedure ("FRCP"). FRCP 41(b).

In its order to show cause, the Court noted that although there was no indication that any postal or electronic mail sent to plaintiff had been returned to the Court, based on the declaration of defendants' counsel it was clear that plaintiff had not responded to any of defendants' multiple discovery requests or attempts to engage in discovery. Indeed, given that the discovery deadline in this case had already passed, it appeared that plaintiff had failed engage in discovery at all,

1 and that whatever the reason – whether because plaintiff had not given the Court or defendants
2 his correct current address, whether correspondence sent to plaintiff had not been getting
3 through, or whether plaintiff had decided not to respond to defendants – it seemed that plaintiff
4 was no longer be diligently prosecuting this matter.

5 Plaintiff was given 60 days, until October 2, 2017, to respond to the order to show cause
6 why this matter should not be dismissed under LCR 41(b)(2) for failure to prosecute. As plaintiff
7 has not filed any such response to date, the undersigned recommends that the Court dismiss this
8 action without prejudice.

9 The parties have **fourteen (14) days** from service of this Report and Recommendation to
10 file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to
11 file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*,
12 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for
13 consideration on **November 3, 2017**, as noted in the caption.

14 Dated this 17th day of October, 2017.

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4